IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
|    DAVID CLARK VANVLEET and ) | Case No. 02-20408 | |
|    IDA CLAUDINE VANVLEET, ) | Chapter 7 | |
| ) | | |
|              Debtors. ) | | |
| ) | | |
| U.S. CLAIMS, INC., ) | | |
| ) | | |
|            Plaintiff, ) | | |
| v. ) | Adv. No. 07-2045 | |
| ) | | |
| GARY A. BARNEY, ESQUIRE, Trustee; ) | | |
| DAVID VANVLEET and IDA VANVLEET; ) | | |
| DAVID M. PETERSON, ESQUIRE; ) | | |
| PETERSON & ASSOCIATES, P.C.; ) | | |
| MILDENSTEIN & ASSOCIATES LAW ) | | |
| OFFICES, LLC; WYETH; and ) | | |
| JOHN DOES I-V. ) | | |
|            Defendants. ) | | |

FILED

2:45 pm, 6/3/08

Joyce W. Harris
Clerk of Court

**DECISION ON MOTION FOR SUMMARY JUDGMENT**

On May 29, 2008, Plaintiff's Motion for Summary Judgment came before the Court regarding Plaintiff's Second Amended Complaint for Declaratory Judgment and Turnover. The court, having heard the arguments of the parties, reviewed the file and applicable law is prepared to rule.

**Jurisdiction**

The court has jurisdiction over this complaint pursuant to 28 U.S.C. §§ 157(b)(2)(O), 1334(a) and 2201. A motion for summary judgment, pursuant to Fed. R. Civ. P. 56, is made applicable in adversary proceedings by Fed. R. Bankr. P. 7056.

## Facts

This matter arose after David Clark VanVleet ("Debtor") and Ida Claudine VanVleet ("Co-Debtor") filed for bankruptcy protection on April 8, 2002. The case was closed as a no asset case on July 24, 2002. Subsequently, the trustee discovered a personal injury action as an undisclosed asset, and the case was reopened on June 12, 2006. U.S. Claims, Inc. ("U.S. Claims"), initiated this adversary action to pursue its claim of part of the settlement proceeds to satisfy a pre-petition lien and attorney fees.

U.S. Claims filed its Complaint for Declaratory Judgment and Turnover on August 14, 2007 naming as Defendants and serving: Gary A. Barney, Esquire, Trustee ("Trustee"); David M. Peterson, Esquire ("Peterson"); Mildenstein & Associates Law Offices, LLC ("Mildenstein"); the Debtor and the Co-Debtor. An alias summons was subsequently served on the Co-Debtor on September 20, 2007. The Trustee filed his answer on September 14, 2007 and David Peterson filed an answer on behalf of himself, individually, and on behalf of Peterson and Associates, P.C. ("Peterson, P.C.") on October 12, 2007.

The Court entered an order allowing the filing of an Amended Complaint for Declaratory Judgment and Turnover on November 11, 2007. Summons were issued and served upon: the Trustee, Mildenstein, Peterson, Debtor, Co-Debtor and John Does I-V. The Co-Debtor filed her response on November 20, 2007. Again, Peterson filed an answer on behalf of himself, individually, and on behalf of Peterson P.C. on November

19, 2007. The clerk entered an entry of default against the Trustee on January 8, 2008. U.S. Claims subsequently filed a Motion for Default Judgment against the Trustee on February 19, 2008. A hearing was held on March 25, 2008 and the Court entered a Default Judgment against the Trustee on behalf of the bankruptcy estate on May 8, 2008 for the sum of $21,196.00 and U.S. Claims' "attorney fees and costs, as allowed upon Plaintiff's application to the court." Additionally, the clerk entered a default against Mildenstein on September 28, 2007. U.S. Claims filed a Motion for Default Judgment on April 24, 2008. The Court held a hearing and took the matter under advisement.

On April 10, 2008, U.S. Claims filed its Second Amended Complaint for Declaratory Judgment and Turnover, without written consent from the parties nor leave from the Court, serving the Trustee, John Does I-V, Mildenstein, Peterson, Peterson, P.C., the Debtor, and Co-Debtor. On April 14, 2008, U.S. Claims also served Wyeth. Only the Co-Debtor and Wyeth filed an answer. U.S. Claims then filed its Motion for Summary Judgment and indicated on its certificate of service that the pleading was served on Peterson, Peterson, P.C., John Patton (who now represents Peterson and Peterson, P.C.); the Trustee; and Wyeth. On May 14, 2008, Ms. Kate Fox entered an appearance on behalf of Wyeth. The Trustee filed an Objection to Attorneys Fees on May 28, 2008.

U.S. Claims presents the following facts in support of its request for a declaratory judgment by summary judgment. Co-Debtor was a party to a claim against American Home Products Corp. ("American Home") in the Pennsylvania Court of Common Pleas,

Philadelphia County, State of Pennsylvania. U.S. Claims and the Co-Debtor had entered into an agreement on or about January 19, 2002, whereas Co-Debtor was given $5,000.00 for a partial interest in the proceeds of her claim against American Home. Wyeth is the successor to American Home and is holding the proceeds from the settlement of the Co-Debtor's claim. Mildenstein and Peterson P.C., are law firms believed to have represented the Co-Debtor in the underlying action against American Home at one time or another.

## Discussion

The applicable portion of the rule that allows a party to amend a complaint states that "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.[1]

Summary judgment is appropriate only if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.[2] A party claiming relief may move, with or without supporting affidavits, for summary judgment.[3] A fact is "material" if, under the governing law, it could have an effect on the outcome of the

---

[1] Fed. R. Bankr. P. 7015 (a)(2).

[2] Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056.

[3] Fed. R. Bankr. P. 7056.

lawsuit.[4] A dispute over a material fact is "genuine" if a rational jury could find in favor of the nonmoving party on the evidence presented.[5]

The moving party has the burden of showing that no genuine issue of material fact exists.[6] In considering a motion for summary judgment, the court draws all reasonable inference in favor of the nonmoving party.[7] An opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial.

In a case of actual controversy within its jurisdiction, any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration.[8] Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.[9]

The purpose of the declaratory judgment is to resolve uncertainties and controversies before obligations are repudiated, rights are invaded or wrongs are

---

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[5] *Id* at 249.

[6] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[7] *See Curtis v. Oklahoma City Public Sch. Bd. of Ed.*, 147 F.3d 1200, 1214 (10th Cir. 1998).

[8] 28 U.S.C. § 2201

[9] 28 U.S.C. §2202

committed.[10] Bankruptcy courts have authority to issue declaratory judgments where the matter in controversy involves the administration of a pending bankruptcy estate.[11] The party seeking a declaratory judgment must bear the burden of proof in these proceedings.[12] The declaratory judgment will be determined by weighing the evidence of each party.[13]

The court has a duty to review requests for compensation. "The court may, on its own motion...award compensation that is less than the amount of compensation that is requested.[14] In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rate charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of a case; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; (E) with respect a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

---

[10]*Kapetanov v. Small Claims Court* (Utah ) 659 P.2d 1049 (1983).

[11]*See Sears, Roebuck and Co., v. O'Brien*, 178 F.3d 962, 964 (8th Cir. 1999).

[12]*In re Tri-River Trading LLC* 317 B.R. 65 (E.D. Mo. 2004).

[13]*In re Weller*, 316 B.R. 708, 711 (W.D. Mo. 2004).

[14]11 U.S.C. §330(2).

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.[15] The court shall not allow compensation for: (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate or (II) necessary to the administration of the case.[16]

In an attempt to clear up a procedural issue, the court addresses Plaintiff's filing of the Second Amended Complaint for Declaratory Judgment and Turnover ("Second Amended Complaint") , without written consent from opposing parties or the court's leave. The court notes that all defendants to the action were served but not one objected to the filing, and in fact, two defendants, the Co-Debtor and Wyeth filed an answer. No other parties answered or objected. If the proper motion seeking leave to file an amended pleading would have been put before the court with the Second Amended Complaint, the Court, would have freely given leave to amend as justice required.

Rights to Proceeds

As stated above, a default judgment was entered against the Trustee for the bankruptcy estate, to which he consented. The judgment entered specifically stated, "the bankruptcy estate does not have any claim or interest as to that portion of the proceeds resulting from the settlement of *Bucho v. Wyeth, Inc., et al.*, No. 00600 in the Pennsylvania

---

[15]*Id* at (a)(3).

[16]*Id* at (a)(4)(A)

Court of Common Pleas, Philadelphia County, State of Pennsylvania...and more specifically the sum of $21,196.00 and Plaintiff's attorney fees and costs, as allowed upon Plaintiff's application to this court." The issue of the bankruptcy estate's interest to that portion of the proceeds claimed by U.S. Claims has been resolved by default judgment and this court will not revisit it. The Trustee did file a response to the attorney fees after those amounts were disclosed to the court and parties, objecting that the fees were excessive. At the hearing U.S. Claims responded to the Trustee's fee objection, as untimely and alleged that the Trustee did not have standing as a default judgment had been entered against the bankruptcy estate. The court has its own duty to review fee applications pursuant to 11 U.S.C. §330. Therefore, the court will not address the Trustee's objection to the fees.[17]

As to entering a declaratory judgment against the Debtor, the court has reviewed the file and cannot determine that the Debtor was served with the Motion for Summary Judgment. Therefore, the court denies the motion for summary judgment for entry of a declaratory judgement of the Debtor's interest to that portion of the proceeds claimed by U.S. Claims due to lack of service.

As to Mildenstein, U.S. Claims requested a default judgment against Mildenstein and its interests regarding that portion of the proceeds claimed by U.S. Claims. That matter is under advisement.

---

[17]The court did not take into consideration the Trustee's objections upon its *sua sponte* review of the fee application.

The Co-Debtor was served and has responded by filing an answer to the original complaint and two subsequent amended complaints. However the record reflects that the Co-Debtor was not served the Motion for Summary Judgment nor does U.S. Claims provide evidence to support that the Co-Debtor was properly served. Therefore, the motion of an order for summary judgment for a declaratory judgment against the Co-Debtor is denied.

As to Peterson, Peterson, P.C., and Wyeth, each individual or entity was properly served the Second Amended Complaint. Each individual or entity was properly served the Motion for Summary Judgment and none of the parties filed a written answer or provided the court facts in controversy.

U.S. Claims, as the moving party, has the burden of showing that there is no genuine issue of a material fact and that it has a right to that portion of the proceeds of the settlement pursuant to the agreement entered into between the Co-Debtor and U.S. Claims. It is the Court's understanding that Peterson, Peterson, P.C., and Wyeth do not object to that declaration of U.S. Claims' rights. None of these parties answered or submitted any facts in controversy to U.S. Claims' allegations or evidence submitted regarding this issue in response to the motion for summary judgment. U.S. Claims provided through its pleadings and exhibits that its right to that portion of the settlement in the amount of $21,196.00 is uncontroverted as a matter of law against these defendants, and summary judgment for a declaratory judgment shall be entered on that issue.

Right to attorney fees and costs

The Co-Debtor and U.S. Claims entered into a Purchase Agreement on January 19, 2002, that states in part, on Page 8, Section 14., "Miscellaneous" ¶ (h), "...should We incur any costs or expenses (including reasonable legal fees and expenses) in enforcing Our rights under this Agreement. You shall be responsible for such costs and expenses and Our Interest shall be increased in an amount equal to such costs and expenses." Again, the defendants: Co-Debtor, Peterson, Peterson, P.C. and Wyeth did not file an objection to U.S. Claims' right to the payment of attorney fees and costs.  The only objection, other than the Trustee's objection, was voiced by Peterson and Peterson, P.C.'s counsel at the telephone hearing on May 29, 2008 in support of the Trustee's objection.  U.S. Claims provided though its pleadings and exhibit that its right to attorney fees and costs is uncontroverted as a matter of law and a declaratory judgment shall be entered.

Compensation of attorney fees and costs

U.S. Claims submitted, as part of the motion for summary judgment, a request for attorney fees and costs in the amount of $16,601.82.  After review of the time sheets and expenses records submitted on behalf of all three attorneys, Tanya Sweet, Alan S. Gold, and Stephen R. Winship, the court finds the following:

Ms. Sweet's hourly rate is inconsistent.  She argued at the hearing that, for the most part, the fees charged were reasonable and billed at $125.00 per hour.  To make her fees consistent from December 2006 through July 2007 with the rest of her representation, the

allowable rate is recalculated to $125.00. Ms. Sweet and Mr. Winship billed for drafting motions and complaints that are duplicative and more than allowed by this court. This is excessive and the court reduced the hours by 11.8 hours. Mr. Winship was reimbursed by Gold & Robins, PC for payment of pro hac vice fees. Therefore, the duplicate request for payment of filing fees is disallowed. Some expenses requested are not sufficiently detailed therefore those expenses are disallowed. The attorney fees and costs are to be reduced in the following amounts: (1) attorney fees: $2,670.00; and (2) costs: $2,998.14. In the event applicant files an amended application for costs with an itemized statement the court may reconsider the reduction of such costs. A judgment for the attorney fees and costs shall be granted in the amount of $10,933.68.

    The court will issue a judgment in accordance with this decision.

    DATED this __3__ day of June, 2008.

By the Court

_____<br>
HONORABLE PETER J. MCNIFF<br>
United States Bankruptcy Judge

Service to:
    All parties